## HARRIS v. KAUFMAN et al.

(Supreme Court, Appellate Term, First Department.    October 25, 1915.)

1. PRINCIPAL AND AGENT ⊖⇒89—ACTIONS FOR COMMISSIONS—INSTRUCTIONS.

In an action for commissions on sales of silks manufactured by defendants, an instruction which, though brief, referred several times to the fact that plaintiff was selling his own merchandise on the road at the times of the sales in question, and that defendants were occupying a part of plaintiff's premises and paying rent therefor, was seriously calculated to influence the jury against plaintiff's claim.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 216, 229–239; Dec. Dig. ⊖⇒89.]

2. PRINCIPAL AND AGENT ⊖⇒89—ACTIONS FOR COMMISSIONS—INSTRUCTIONS.

In an action for commissions on sales of silks manufactured by defendants, where it appeared in the evidence that the sales were made while plaintiff was selling his own merchandise on the road, an instruction that plaintiff must show by a fair preponderance of the evidence "his contentions—that is, that the defendants agreed to pay him compensation for the selling of defendants' merchandise while the plaintiff was selling his own merchandise, * * * as claimed by the plaintiff"—was erroneous; plaintiff not having claimed that there was any agreement to pay him compensation while he was engaged in anything other than the sale of defendants' merchandise.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 216, 229–239; Dec. Dig. ⊖⇒89.]

Appeal from City Court of New York, Trial Term.

Action by Solomon Harris against John Kaufman and another, doing business as Kaufman Bros. From a judgment in favor of defendants, entered upon the verdict of a jury, plaintiff appeals. Reversed, and new trial granted.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Tobias Keppler, of New York City (Martin Charles Ansorge and Richard J. Cronan, both of New York City, of counsel), for appellant.

Cohn & Cohn, of New York City (David Cohn and Maurice Cohn, both of New York City, of counsel), for respondents.

BIJUR, J.    [1] Respondents' counsel, in his opening statement, says:

"The action is brought to recover commissions alleged by the plaintiff to have been earned by him by reason of certain sales by him of broad silks manufactured by the defendants."

The learned judge below in a brief charge, eight times referred to the fact that plaintiff was claiming commissions from the defendants for sales of defendants' goods effected while plaintiff was selling his own merchandise on the road and elsewhere, and five times referred to the fact that defendants were then occupying part of the plaintiff's loft and paying rent therefor. At the close of the charge the plaintiff's counsel asked the court to charge that he did not intend by the charge "to convey to them as to how they should decide this case on the facts," which request was declined. It can scarcely be doubted that a charge

in the form described was seriously calculated to influence the jury against plaintiff's claim, but we do not rest our reversal on this alone.

[2] In this case, however, the court unfortunately, not only indicated by this form and language an opinion that the plaintiff's cause of action was without merit, but in one instance at least distinctly misstated the plaintiff's contention. Thus the court said:

"By that he must satisfy you by a fair preponderance of evidence as to his contentions; that is, that the defendants agreed to pay him compensation for the selling of defendants' merchandise *while the plaintiff was selling his own merchandise in Boston to various houses*, as claimed by the plaintiff."

Neither in the complaint nor during the course of the trial did plaintiff make any such contention, nor was it claimed by him that defendants' agreement was to pay him any compensation while plaintiff was engaged in anything other than the sale of defendants' merchandise. By this sentence a circumstance that had appeared in evidence was transmuted into an integral part of the plaintiff's claim and contention, and there can be no doubt that the jury was misled thereby.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.